FILED
SEP 0 7 2018
Clerk, U.S District Court
District Of Montana
Great Falls

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13-97-BLG-SPW-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| MARY ROSE DAY, | |
| Defendant. | |

## I. Synopsis

Defendant Mary Day (Day) has been accused of violating the conditions of her supervised release by using methamphetamine, by consuming alcohol, by failing to appear for substance abuse testing, by failing to attend mental health treatment sessions, by failing to successfully complete a substance abuse treatment program, by failing to notify her probation officer of a change in residence, by using marijuana, and by failing to report to her probation officer. Day has admitted all of the alleged violations except one. Day denied that she failed to appear for substance abuse testing. Day's supervised release should be revoked. Day should be placed in custody for 5 months, with 55 months of supervised release to follow.

## II. Status

Day pleaded guilty to Possession with Intent to Distribute Methamphetamine on January 10, 2014. (Doc. 19). The Court sentenced Day to 60 months of custody, followed by 5 years of supervised release. (Doc. 30). Day's term of supervised release began on May 31, 2017. (Doc. 33 at 1).

**Petition**

The United States Probation Office filed a Petition requesting that the Court revoke Day's supervised release on June 25, 2018. (Doc. 33). The Petition alleged that Day violated the conditions of her supervised release by using methamphetamine, by consuming alcohol, by failing to appear for substance abuse testing, by failing to attend mental health treatment sessions, by failing to successfully complete a substance abuse treatment program, by failing to notify her probation officer of a change in residence, by using marijuana, and by failing to report to her probation officer. United States District Judge Susan P. Watters issued a warrant for Day's arrest on June 25, 2018. (Doc. 34).

**Initial appearance**

Day appeared before the undersigned for her initial appearance on September 4, 2018. (Doc. 36). Day was represented by Rachel Julagay, Esq. Day stated that she had read the petition and that she understood the allegations. Day

2

waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on September 4, 2018. Day admitted that she had violated the conditions of his supervised release by using methamphetamine, by consuming alcohol, by failing to attend mental health treatment sessions, by failing to successfully complete a substance abuse treatment program, by failing to notify her probation officer of a change in residence, by using marijuana, and by failing to report to her probation officer. The violations are serious and warrant revocation of Day's supervised release.

Day's violation is a Grade C violation. Day's criminal history category is III. Day's underlying offense is a Class B felony. Day could be incarcerated for up to 36 months. She could be ordered to remain on supervised release for up to 60 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

Day requested a term of custody at or below the guideline range. Day requested that she be allowed to reside at a sober living facility in Yellowstone County, Montana, while on supervised release. The Government requested a sentence within the guideline range.

## III. Analysis

Day's supervised release should be revoked. Day should be incarcerated for 5 months, with 55 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Day should be incarcerated in Yellowstone County, Montana, if possible. The supervised release conditions imposed previously should be continued. Consistent with Special Condition No.1, Day should reside at a sober living facility in Yellowstone County for up to 180 days, if deemed eligible by the United States Probation Office.

## IV. Conclusion

The Court informed Day that the above sentence would be recommended to Judge Watters. The Court also informed Day of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Day that Judge Watters would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Day stated that she wished to waive her right to object to these Findings and Recommendations

The Court **FINDS:**

> Mary Rose Day violated the conditions of her supervised release by using methamphetamine, by consuming alcohol, by failing to attend mental health treatment sessions, by failing to successfully complete a substance abuse treatment program, by failing to notify her probation officer of a change in

4

residence, by using marijuana, and by failing to report to her probation officer.

The Court **RECOMMENDS:**

1. The District Court should revoke Day's supervised release and commit her to the custody of the United States Bureau of Prisons for a term of 5 months, with a 55 months of supervised release to follow.

2. Day should be incarcerated in Yellowstone County, Montana, if possible.

3. While on supervised release, Day should reside at a sober living facility in Yellowstone County for up to 180 days, if deemed eligible by the United States Probation Office.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may

waive the right to appear and allocute before a district judge.

Dated this 7th day of September, 2018.

John Johnston
United States Magistrate Judge